———o———

JOSEPH GARTSIDE, Appellant, vs. THE ORPHANS' BENEFIT INSURANCE COMPANY OF ST. LOUIS, Mo., Respondent.

1. *Marine insurance—Sinking of barge at port—Petition—Allegations as to cause of loss—Sufficiency of.*—In an action on an insurance policy for loss of a barge with her cargo, the petition alleged an insurance against all loss "in said voyage by reason of the adventures and perils of said rivers, and all other perils," etc., and then alleged that she sprung a leak and sunk at port.   *Held*, that although the loss as stated did not come within the perils of the voyage specifically insured against, it may have been caused by one of the "other perils;" and that the general allegation following the special statement of loss, that the damage arose from "one of the perils insured against" was sufficient on demurrer; that whether such was the fact was a question for the jury on the evidence, or for the court on motion for non-suit.

2. *Insurance, marine—Sinking of boat at port—Unseaworthiness.*—The sinking of a boat at port raises a violent presumption of unseaworthiness, and this is always a defense to suit for such loss.

*Appeal from St. Louis Circuit Court.*

*Laughlin,* for Appellant.

*Stewart & Wieting,* for Respondent, cited 2 Arn. Ins., 1273, § 442 ; 2 J. Marsh., 690 ; Hill. Ins., 105–6 ; 1 Pars. Ins. 379 ; 1 Marsh. Ins., 165 ; 2 Am. Lead. Cas., 5th ed., 792–6 ; Watson vs. Clark, 1 Dow. [H. Lords], 336 ; Talcott vs. Ins. Co., 2 Johns., 124 ; Patrick vs. Hallet, 3 Johns. Cases, 76 ; Paddock vs. Ins. Co., 11 Pick., 227, 237; Wright vs. Ins. Co., 6 Bos. [N.Y.], 269; Meyer vs. Ins. Co., 26 Penn. St., 192 ; Cort vs. Ins. Co., 2 Wash. Ct. Ct., 375 ; Miller vs. Ins. Co. , 2 McCord [S. C.], 336 ; Prescott vs. Ins. Co., 1 Whart. [Pa.], 399 ; 2 Phill. Ins., 631, § 2079 ; 2 Casey, 192; " The Northern Belle," 9 Wall., 526.

NAPTON, Judge, delivered the opinion of the court.

This was an action against an insurance company on an open cargo policy of goods, and the petition, on demurrer, was held bad. And the only question for our determination is, whether the demurrer was properly sustained.

The petition avers a shipment on the barge "Mark Twain," at New Albany, Indiana, and that due notice of such shipment was given to the company, and it was endorsed on the policy, etc. ; that defendant then and there, for the consideration agreed on, insured the plaintiff against all loss and damage which might come to the goods in said voyage, by reason of the adventures and perils of said rivers, and all other perils which should come to the damage of said property, under the terms of said policy, in the sum, etc. ; and did stipulate on said policy, that said risk and insurance upon said property should begin from, and immediately following. the loading thereof. The petition then avers the payment of premiums, and that said barge "Mark Twain" was staunch, strong, and in all respects seaworthy, and well manned, furnished and equipped for the voyage; but that, whilst she was lying at said port of New Albany, after said goods had been loaded upon her and before she started on her voyage, she sprung a leak, and although every effort was made to stop the same and save the goods shipped, they were fruitless, and she rapidly took into

the hold a large quantity of water, to-wit, to the depth of two feet, by means whereof 800 barrels of said goods, etc., were entirely lost, and 1442 others damaged. Said loss and damage aforesaid occurred, and were occasioned, by reason of one of the perils insured against in and by said policy The other averments relate to notice, etc., and are immaterial to the question raised by the demurrer.

To this petition there was a demurrer on two grounds: first, that it did not appear that the loss was occasioned by any peril of the river; second, that it appeared affirmatively that the loss was not due to any peril of navigation.

The insurance is against all loss and damage which might come to the goods insured in said voyage by reason of the adventures and perils of said rivers, and all other perils which should come to the damage of said property, under the terms of said policy; and the risk commenced upon the loading of the boat.

The averment of loss must no doubt state the true cause of it; but it is for the court to decide whether such a loss, as is stated, is within the terms of the policy. Here the cause of loss, as stated, shows that it was not a loss occurring in a voyage, and therefore not one occasioned by the perils of the river, but it is averred to be a loss occasioned by a peril insured against.

Mr. Arnould states (2 Arnould Ins., 1275) that, in order to meet the case in which it may be held that the loss, as it appears in proof, is not a loss by perils of the sea, but is included within the general words at the end of the specific enumeration of perils insured against, it is allowable to state the special circumstances of the loss according to the fact, and then add, "and the said ship afterwards, to-wit, on, etc., was by perils and dangers of the seas, and by other perils, losses and misfortunes insured against, wholly lost, etc." And the cases cited by him sustain his position in regard to the pleadings.

It seems to be well settled, that a ship sinking in port, or very soon after commencing its voyage, in which it meets

with no extraordinary gales of wind, or other disturbing elements, is presumed unseaworthy. And unseaworthiness is always a defense on the part of insurers.

But seaworthiness is alleged in this case, and whether the barge was seaworthy or not, is a question of fact for a jury. The question of fact in this case would seem to be not whether the barge was seaworthy, but, as the Louisiana cases term it, "port worthy." (11 La. An. R., 749 ; 14 Id., 264 ; 15 Id., 688.)

The demurrer admits the seaworthiness of the vessel ; for it is so alleged in the petition, and the statement of the loss, just as it occurred, does not necessarily contradict the allegation of seaworthiness. It raises a violent presumption against it, but evidence in the trial might have explained this.

The petition is manifestly drawn up with great care. Whether the loss in this case, the cause of which is specifically stated, was a loss within the policy, can only be determined on evidence.

It may be that on the evidence the court would be authorized to direct a non-suit, or, which is the same thing, to direct a jury that the plaintiffs could not recover. But upon demurrer, the only question is as to the sufficiency of the declaration or petition. We think that the petition in this case stated with sufficient accuracy the cause of the loss, and as there was only a demurrer interposed, the only question for us to determine is upon the sufficiency of the petition. And upon this point we are satisfied that the petition is sufficient.

It may be, that the plaintiff was not entitled to recover; but the case is stated in the petition with sufficient accuracy. The exact cause of the loss is stated, and that it was occasioned by a peril insured against.

The general or sweeping clause, as it is termed in policies, covers other cases of marine damage of the like kind with those specified.

Thus Lord Ellenborough held in Cullen vs. Butler, (5 M. & Sel., 461), that where one Brittish ship had fired into, and

sunk, another, mistaking her for an enemy, the loss could be recovered under the general clause in the policy. although not strictly a loss by perils of the sea. And so in Phillips vs. Barber, (5 B. & Ald., 161), where a ship was put into dock and there blown over, the underwriters were responsible, though it was not a loss by perils of the sea. And in Devaux vs. Jansen (5 Bingh. N. C. R., 519), when a ship was bilged and rendered incapable of pursuing her voyage by the accidental giving way of her tackle in the act of being moved out of a dock, where she had been put for repairs, the loss was held to be included in the general clause of '' all other perils, losses or misfortunes that have or shall come to the hurt, detriment, or damage of the said goods, etc.''

Whether the loss in this case could have been recovered of the underwriters, it is impossible to say. If it was occasioned by rottenness of the barge, it is clear it could not, and upon such evidence, it would be the duty .of the court not to submit the case to the jury. But it may have been caused by improper loading, or some other causes, covered by the general or sweeping clause in the policy.

The judgment must be reversed and the case remanded. The other judges concur, except Judge Vories, who is absent.